BROCK ET AL. v. SCHRADSKY.

1. APPELLATE PRACTICE—ABSTRACT—PRESUMPTION.

Where the abstract of the record does not contain the matters referred to in an assignment of error, it will be presumed that such assignment has been abandoned.

2. EVIDENCE—DECLARATIONS OF ASSIGNOR.

The declarations of an assignor of property for the benefit of creditors made after assignment are not admissible for the purpose of impairing the title of the assignee.

3. FRAUD—INSOLVENCY.

In an action by the vendor of goods to recover them on the ground of fraud, it is not sufficient to warrant a recovery to show that the purchaser was insolvent and that he knew it at the time of the purchase. It is not the circumstances of the vendee, or his knowledge of them at the time, but the motives with which he made the purchase, that is determinative of the character of the transaction.

*Appeal from the District Court of Arapahoe County.*

Messrs. LIPSCOMB & HODGES and Mr. DAVID PLESSNER, for appellants.

Mr. ALFRED MULLER and Mr. JOHN R. SMITH, for appellee.

THOMSON, J., delivered the opinion of the court.

The rules of this court require appellants, and plaintiffs in error, to file with the clerk a printed abstract or abridgment of the record of the case brought here for review, which shall fully set forth the points relied upon for a reversal of the judgment, and shall present the parts of the record to which reference is made in the assignment of errors. We assume that the abstract presents all that parties or counsel regard as material, and that what is omitted is not relied upon; and except for the purpose of verifying statements which it may contain, we do not, in behalf of the party by whom it is filed, resort to the transcript of the record. A large portion of the

specifications in the assignment of errors in this case have no reference to anything which is to be found in the abstract. We therefore assume them to be abandoned, and shall address ourselves to those only which are predicated upon the record as the abstract presents it.

This is replevin brought by the appellants, as plaintiffs, against the appellee, to recover a portion of a stock of goods. The ground upon which they base their right to recover is that the goods were fraudulently obtained from them by the defendant's assignor. For some years prior to the 31st day of March, 1892, Samuel A. Hirschfield had been engaged in the retail clothing business in the city of Denver. The plaintiffs were wholesale clothing merchants in Buffalo, New York, from whom Hirschfield, during his business career, had, from time to time, purchased goods. In November, 1891, Leon Block, a traveling salesman of the plaintiffs, being in Denver, took an order from Hirschfield for a bill of goods amounting to $2,261. A portion of this bill, amounting to $141, was shipped on November 27, 1891, and the residue on the 22d of the following February. At the time of giving the order, Hirschfield owed the plaintiffs $1,673.50 upon former purchases. Of this amount he paid on November 27, 1891, $500, on January 30, 1892, $500, and between February 1st and March 30, 1892, $288.11. On March 31, 1892, he made a general assignment to the defendant, Schradsky, for the benefit of his creditors. The assets shown by the deed were $4,020, and the liabilities $6,117.25. Judgment was given for the defendant, from which the plaintiffs appeal.

At the trial the plaintiffs offered in evidence the stenographer's notes of testimony given by Hirschfield at a former trial of this cause, on December 15, 1892; and also a letter written by him on April 5, 1892. The evidence was objected to by the defendant, and the objection sustained. Plaintiffs contend that the evidence was competent, and should have been received as the admissions of a party in privity with the defendant, and identified in interest with him. But this position of the plaintiffs is not tenable, because there is no such

identity of interest between an assignor for the benefit of creditors and his assignee as to render such evidence admissible on that ground. By the assignment to the defendant, the property vested in him for the benefit of the creditors of Hirschfield. His duty was to administer the insolvent estate to the best advantage for them. He was their representative, and in all suits affecting the subject-matter of the trust, they were the real parties in interest. When the transfer was consummated Hirschfield's interest was at an end.

It will be observed that the testimony in question was given, and the letter written, after the completion of the assignment; and while admissions made by Hirschfield before he had parted with his title might be competent evidence in a proceeding to charge the estate with a debt, for a reason entirely different from that of interest in the suit, his declarations afterwards made were without value, and could in no way affect the assignee or the beneficiaries. The assignee held the property in trust for the creditors, and it was not in the power of the assignor to prejudice their rights by statements made after those rights had attached. By the act of transfer he became a stranger to the title, and his declarations were upon the same footing with those of any other stranger. Burrill on Assignments, sec. 362; 1 Greenl. on Ev., 180; Bump on Fraud. Con. (3d ed.), 587; *Wynnee v. Glidewell*, 17 Ind. 446; *Bullis v. Montgomery*, 50 N. Y. 352.

From an examination of this evidence we are unable to see wherein the plaintiffs would have been benefited, or the defendant injured, by its admission; but, as the defendant saw fit to object to its introduction, it was properly excluded.

Upon the evidence introduced, the court instructed the jury to find for the defendant, and the plaintiffs insist that the instruction was erroneous. A question of fraud, like any other question of fact, is for the determination of the jury; but there must be some evidence tending to prove the fraud before there is anything to submit. To enable one who has parted with the possession of goods to recover them back, the transaction must have been of such a character that the

title did not pass. If goods are purchased with the preconceived design on the part of the vendee not to pay for them, the title still remains in the vendor; the fraudulent vendee acquires none; and, to sustain an action like this, there must be some evidence that the purchase was made with that intention. Direct proof of intention, except by the party entertaining it, is, of course, impossible; but facts must be shown from which it may be inferred. The testimony of Leon Block was, that at the time he took the order, he asked Hirschfield how he was progressing. He replied that he was not getting rich, that he was making a little money, and when he invoiced at the end of the year he would find himself from $1,500 to $1,800 better off than he had been the preceding year; that his brother was hampering him and he had to assist him; and that the plaintiffs were the only people to whom he owed any money at that time. The following letters, written by Hirschfield to the plaintiffs, were in evidence.

"Denver, Colo., Dec. 28, 1891.

"Messrs. Brock, Wiener & Geismer, Buffalo:

"Gents—Thinking you may have some uneasiness in regard to A. Hirschfield, reported sold out in this city, has no connection whatever with me. Shall send check soon.

"Remaining, yours truly,

"S. A. Hirschfield."

"Denver, Colo., Feb. 8, 1892.

"Messrs. Brock, Wiener & Geismer, Buffalo:

"Gents—Regarding H. Hirschfield's account, the party is not here now. I expect he will pay his bills. Can't see how you can charge S. A. with account of H. Hirschfield. You may send my goods now.

"I remain, yours truly,

"S. A. Hirschfield."

Leon M. Brock, one of the plaintiffs, testified to receiving the foregoing letters from Hirschfield. He said he was mana-

ger of plaintiffs' business and had charge of their credits; that if Hirschfield had not written the letter of December 28th, which induced the witness to believe that he was solvent and solicitous of his credit, and if he had not written a letter on January 26, 1892, inclosing check for $500, and two notes in settlement of his prior account with the plaintiffs, and if he had not written the letter of February 8th, in regard to H. Hirschfield's account, and directing his goods to be sent at once, he, the witness, would have been suspicious of his financial standing, and would not have shipped the goods. The foregoing is the evidence relied upon by the plaintiffs, and is the only evidence in the abstract relating to the circumstances connected with the purchase and shipment of the goods; and it is sufficient to say concerning it that it discloses nothing which would authorize a suspicion of fraudulent intent on the part of Hirschfield.

The argument of counsel is, that the insolvency of a purchaser at the time of the purchase is a fact to go to the jury upon the question of intent. If the insolvency is shown in connection with other facts, this may be true; but alone it proves nothing. If he was not only insolvent, but knew that he was insolvent, the evidence would still be insufficient. Something else must appear from which a fraudulent purpose in obtaining the goods is inferable. A party may be insolvent, and know that he is insolvent, and yet think that with prospective better times, and the forbearance of creditors, he will be able to retrieve himself and pay in full. It is not the circumstances of the vendee, or his knowledge of them at the time, but the motives with which he made the purchase, that is determinative of the character of the transaction. *Burchinell v. Hirsch*, 5 Colo. App. 500; *Morrill v. Blackman*, 2 Conn. 32; *Redington v. Roberts*, 25 Vt. 686.

But if we should concede what counsel claim, the evidence fails. There is no proof that, at the time of giving the order, Hirschfield was insolvent at all; and there is none that at the time of directing the shipment of the residue of the goods, if from subsequent developments it may be as-

sumed that he was then insolvent, he believed himself to be so. Upon no view of the evidence was there anything to submit to the jury.

The judgment will be affirmed.

*Affirmed.*