KUH, NATHAN & FISHER COMPANY, Appellees, v. MORRIS GLUCKLICK AND H. E. BOYD, Trustee, Appellants.

Sales: FRAUD OF PURCHASER: REPLEVIN: PLEADINGS: EVIDENCE.
1    In a replevin action by the seller alleging generally that the goods were purchased through false representations made by the purchaser of his financial condition, the written statement of the purchaser showing his condition, made at the seller's request, is admissible, and in such an action proof of fraud is a part of plaintiff's main case.

Evidence: ADMISSION OF CASH BOOK. In a replevin action based
2    on the fraud of the purchaser of the goods, his cash book, made up from memoranda of sales and disbursements, is admissible to show in a general way the character and extent of his business, though such memoranda is not produced and the entries in the cash book are not verified by the party making them; and this is true even though a trustee in bankruptcy has been substituted as a party defendant.

Fraud of Purchaser: EVIDENCE. A trustee in bankrupty takes
3    only such title to the property as the bankrupt had, and in an

action against the trustee for the possession of goods sold the bankrupt on the strength of his fraudulent representations as to his financial condition, the petition in bankruptcy and schedules attached are admissible to show the fraud.

Value of Goods: INSTRUCTION.    In a replevin action against a
4    trustee in bankruptcy for goods sold the bankrupt, where no judgment is asked except for possession of the goods, an instruction that the jury find the full value of the goods sold is not prejudicial error.

Default Judgment Against Purchaser.    In a replevin action on
5    the ground that the sale of the goods was induced by the fraud of the purchaser, in which the purchaser's trustee in bankruptcy is substituted party defendant on his own motion, if the original defendant defaults, a judgment should be entered against him for the value of the goods not found.

*Appeal from Dallas District Court.*—Hon. J. D. Gamble, Judge.

Wednesday, May 20, 1903.

Action of replevin, brought by the plaintiff corporation to recover possession of certain goods alleged to be detained by the defendant Glucklick, then a merchant doing business at Perry.    At the time of filing the petition plaintiff procured a writ to be issued and delivered to the sheriff of the county, under which a portion of the goods described in the petition were taken possession of and delivered to plaintiff.    It appears that thereafter Glucklick was adjudged a bankrupt in the United States District Court, upon his voluntary petition, and H. E. Boyd was selected and qualified as trustee pursuant to the federal statutes relating to that subject. Thereupon said Boyd appeared in the court below, and filed a motion in this action, in which he set forth the bankruptcy proceedings and his appointment as trustee, and asked that he be substituted as defendant, and permitted to defend the action.    Such motion having been heard, an order was made and entered as follows:  "H.

E. Boyd, trustee, is substituted as defendant." Glucklick
did not enter his appearance or file any pleading before
trial.   Boyd filed an answer to the petition, and upon the
issues thus joined trial to a jury was had, resulting in a
verdict in favor of plaintiff, and fixing the value of the prop-
erty in controversy at $1,991.25.   Defendant Boyd filed
motion for new trial.   Plaintiff filed motion for judgment
upon the verdict, in which motion judgment is asked as
against both defendants for costs; also that plaintiff be
adjudged to be the owner of that part of the property
taken under the writ being of the value of $1,241.75, and
entitled to possession of the same; further, that judgment
be entered in its favor as against defendant Glucklick for
the value of the property sought to be recovered, and not
found, the same being shown to be of the value of $749,50,
which judgment plaintiff elected to take.   Both defend-
ants appeared to the motion for judgment, and filed resist-
ance thereto.   The motion for new trial was overruled,
and the motion for judgment was sustained as to both
defendants.   Thereupon judgment was entered as prayed
in such motion.   The defendants separately served and
filed notices of appeal.—*Affirmed.*

*Shortley & Harpel* for appellant Glucklick.

*Giddings & Winegar* for appellant Boyd.

*White & Clarke* for appellee.

BISHOP, C. J.—First as to the appeal of the defendant
Boyd.   The petition alleges the facts constituting the
wrongful detention of the property, according to the belief
of plaintiff, to be that defendant Glucklick claims to have
purchased the same of plaintiff.   Plaintiff alleges, how-
ever, that the delivery of such goods to Glucklick was pro-
cured by false and fraudulent representations made by
him to plaintiff at the time of such delivery, as to his

solvency and financial condition and standing, and as to his intention to pay therefor, which false and fraudulent representations were knowingly made, and were for the purpose of wrongfully and fraudulently procuring the delivery of such goods to him; that such representations were believed to be true and relied upon by plaintiff in making delivery of the goods to him, said Glucklick. By a subsequent amendment it is alleged that at the time defendant procured such goods to be delivered to him. he did not intend to pay for the same. The answer of Boyd admits the purchase of the goods from plaintiff by defendant Glucklick; alleges that such purchase was in good faith, and that thereby Glucklick became the absolute owner, and entitled to the possession and control of such goods; denies the false and fraudulent representations alleged.

I.    Upon the trial it was made to appear that the first order for goods was received by plaintiff from Glucklick in June, 1900. Upon receipt of such order, and before

I. Fraud of purchaser: replevin: pleading: evidence.

proceeding to fill the same, plaintiff required, and there was furnished by defendant, property statements in writing, showing his assets and liabilities and general financial standing. These statements were produced by plaintiff, and offered in evidence as part of its main case. To such the defendant Boyd objected as incompetent and immaterial and for the reason that there is no allegation in the petition charging that any such representations were made. The objection was overruled, and, based thereon, defendant now assigns error. We think the ruling was correct. The petition charges false and fraudulent representations, and certainly the representations in fact made were material under such allegations. It was neither necessary nor proper to set out in the petition, in *hæc verba*, all written papers or statements upon which plaintiff expected to rely to establish the fact that false representations, in character as alleged, were made. The allegations of the petition are

general, and it seems to be the thought of counsel for appellants that, because the court overruled a motion for more specific statement, evidence of specific representations ought not to be admitted. It is not contended that there was error in the ruling upon the motion. Conceding, therefore, that the ruling was correct, still there is no tenable ground upon which to base a refusal to admit evidence, otherwise competent, in support of the general allegations found in the petition. Counsel further argue that the evidence was improperly admitted, for that proof of fraud was unnecessary to the main case of plaintiff; that, if admissible at all, it should have been made in rebuttal, under proper allegations in a reply. This cannot be true. It has been repeatedly held that when a delivery of goods has been procured by false representations as to solvency it may be avoided, and the vendor may recover the goods. *Cox Shoe Co. v. Adams*, 105 Iowa, 402; *Morris v. Posner*, 111 Iowa, 335; *Phelps v. Samson*, 113 Iowa, 145. Clearly, it was upon this theory that the plaintiff's action here was brought. It was essential to a recovery, therefore, that fraud should be established. The petition discloses in substance that a sale in form, at least, had been made of the goods to defendant Glucklick. The effect of this is sought to be avoided, and a verdict of no sale secured, by allegation and proof of fraud. Such allegations and proof are vital elements, in the absence of which there could be no recovery in this form of action. The case of *Kervick v. Mitchell*, 68 Iowa, 273, relied upon by counsel, does not support their contention, as we read the opinion. In that case fraud was not in any way alleged in the petition, and it was accordingly held that evidence of fraudulent representations was not relevant to the issue. As supporting our position, see *Nolan v. Jones*, 53 Iowa, 387.

II.   Plaintiff offered in evidence a cashbook kept by defendant Glucklick, which, as testified to by him, con-

tained the record of cash sales and disbursments made by him while in the conduct of the business. It appears that the account of daily cash sales and disbursements was kept by a cashier on small memorandum slips; that from time to time these slips were taken and posted into the cashbook by defendant's wife. The slips were not produced, nor was the cashbook verified by the person making the entries therein. The admission of the book in evidence was objected to as incompetent, because not properly verified, and secondary. This objection was overruled, and, we think, properly so. Any evidence competent as against Glucklick was competent as against Boyd. Further upon this subject, see the succeeding division of this opinion. The evidence offered was material to but one issue—that of the fraud alleged; and, as bearing upon this issue, all matters connected with the conduct of the business by Glucklick tending to prove the amount and character of the business done by him, or showing the amount and value of the property owned by him or in his possession, was both competent and material. It may be true that under other conditions, and for some other purposes, the book would not have been admissible. But, as having relation to the case here made, it was a book kept under the direction of Glucklick as a record of his cash transactions, and competent under the fraud issue to show in a general way the character and extent of such transactions. The weight and effect of such evidence was for the jury.

2. EVIDENCE: admission of cash book.

III. Defendant Boyd further complains and assigns error because the petition in bankruptcy and schedules attached filed by Glucklick in the bankruptcy court were admitted in evidence over his objection. It is said in argument that such evidence was incompetent for the reason that the same did not relate to the matter of title or possession of the property in controversy, and for the further reason that "Glucklick

3. FRAUD of purchaser: evidence.

was not in possession of the property in controversy when the so-called declaration was made." Counsel are in error in assuming that Boyd, under the order substituting him as defendant, occupied any different position, or bore any different relation, to the litigation from that which would have obtained had the answer been filed and the defense made by Glucklick. Boyd, as trustee, simply took whatever interest in the goods in controversy Glucklick had; no greater and no less. All infirmities which inhered in the title to such goods as against Glucklick were available as against Boyd. It would be strange, indeed, if one holding goods which had been obtained by fraud, or concerning which the title was otherwise defective, might avoid the fraud or perfect the title in any sense or to any degree by passing such goods over to an assignee or trustee. Boyd could not, therefore, and in his pleading he does not, claim to be possessed of any right or title other or different from the right and title in truth and in fact possessed by Glucklick. The case is vastly different from one where the statements or declarations of a vendor, made after delivery of possession, are sought to be introduced to affect the title to the property in the hands of his vendee. Such are the cases cited and relied upon by appellant, and it is manifest that they are not in point. Here the evidence sought to be introduced was competent as bearing upon the question of the financial condition of Glucklick, and such, in turn, was material to a determination of the fraud issue tendered by the petition. A trustee in bankruptcy "becomes vested with the same kind of a title as though he were a purchaser, but such title is subject to all the rights and equities existing in favor of third persons against the bankrupt, except as to fraudulent conveyances and transfers, preferences, and other transactions in fraud of the bankruptcy act." 5 Cyc. 341, and cases cited in the notes.

IV. Other assignments of error are made, based on rulings in connection with the introduction of the evi-

·dence. We have examined the record with respect to ·each of such, and find no prejudicial error. We have also read the instructions given to the jury. They are as fav- ·orable to the defendant as he had the right to expect, and we discover no prejudicial error therein. The instruction asked by the defendant had no application to the issues in this case, and was properly refused. It is said that the court erred in directing the jury to find the full value of all the goods delivered to Glucklick by plaintiff in the

4. VALUE of goods: instruction. event that plaintiff was found entitled to recover. The jury found the full value of such goods to be $1,991.25. We think that in this there was no error. But, in no event, could such finding be prejudicial to the defendant Boyd. The effect of the ver- ·dict was to confirm in plaintiff the right to the possession of the goods taken under the writ. No affirmative relief was asked as against said defendant, and no judgment was rendered against him, save that his right to the possession ·of any of the goods in controversy was denied. On the whole, we think the case was fairly submitted to the jury, and that the record discloses evidence sufficient to warrant the verdict rendered.

We now take up the question raised by the appeal of the defendant Glucklick. The action, it will be observed, was commenced against Glucklick alone. No appearance

5. DEFAULT judgment against purchaser. for him or on his behalf was made. Such being the condition of the record, the plain- tiff was entitled upon demand at any time, and upon proving up, to a default judgment awarding to it the possession of the property in controversy, or, if the same or any portion could not be found, then for the value thereof. This must be true unless the appearance of Boyd, trustee, and the defense made by him, had the effect to suspend the operation of the general rule. As we think, no such effect can be given the proceedings for an order of substitution. To begin with, the appearance

of Boyd was upon his own motion, and therewith the defendant Glucklick had nothing whatever to do, as far as shown by the record. Now, it would be strange doctrine to say that the right of a plaintiff to pursue his remedy afforded by the law, and this as fully and completely as the facts alleged in his petition will warrant, may be cut off, and the defendant discharged, and this for no other reason than that a third person, claiming an interest in a part of the property in controversy, has procured himself to be made a defendant, and has made defense. Surely, such is not the law, and we cannot conclude that the trial court intended by using the word "substituted," in the order made, to wholly discharge Glucklick from further connection with the case. Indeed, there was no power in the court so to do. Having commenced the action against him, the plaintiff had the absolute right to such judgment as it might show itself entitled to, and of this the court could not lawfully deprive it. That an order of substitution having the effect to discharge the person for whom substitution is made may be proper in some cases, we may concede; but such will not be made where any interest of the opposite party will be prejudiced thereby. *Snyder v. Phillips*, 66 Iowa, 481, is a case illustrative of this principle. In that case an order was asked for the substitution of the party plaintiff. Such order was refused, and in the course of the opinion the court says: "If such substitution can be made without depriving the defendant of a substantial right, it should, and no doubt would, be made. To have made it in this case would have deprived the defendant of such right," etc.

That the principle is equally applicable to a case where substitution of a party defendant is sought to be made seems too clear for argument. Such principle, we think, has special application to this case. The value of the goods taken under the writ was $1,241.75. The trustee, Boyd, appeared to claim such goods only. The value of

the entire lot of goods mentioned in the petition was $1,991.25. Plaintiff was, therefore, entitled to demand judgment for the possession of the goods so taken under the writ, and, in addition thereto, to demand judgment against Glucklick for the value of that portion of the goods not found. It is manifest that no money judgment could have been recovered against Boyd even had such been demanded by proper pleading. We conclude, therefore, that by the order of substitution it was intended simply to permit Boyd to make claim to the goods levied upon under the writ of replevin; that Glucklick, who was not a party to such order, and who is not shown to have been prejudiced in any way by the making thereof, cannot take refuge behind the same to shield himself from a judgment for the value of the goods sued for and not found. He had secured no order of discharge, and he had no right to assume that the order permitting Boyd to make defense was intended to free him from all further responsibility or liability to the plaintiff. That such was the thought of the trial court is further evidenced by the fact that after verdict, and while yet the record was within its control, the motion for judgment against Glucklick was entertained and granted, proof having been made by plaintiff of the value of the goods not found, and judgment entered accordingly. Finally, defendant Glucklick is in no position to claim that any prejudice has resulted to him. He was given his day in court, and in no sense was he prevented from making defense. The proof shows the value of the goods not found, and for such he was clearly liable to plaintiff, and the judgment was for the amount thereof. A right conclusion was thus reached, and we think defendant ought not to be heard to complain thereof.

The judgment on both appeals is AFFIRMED.