DANIEL C. BURKE, as Trustee in Bankruptcy of JOSEPH SHAHEEN Appellant, *v.* NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA, Respondent.

Third Department, May 6, 1925.

**Trial — opening and closing — action by trustee in bankruptcy on policy of fire insurance — answer raised issue as to performance and right of trustee to sue — plaintiff had right to open and close — evidence — declarations by insured made after adjudication in bankruptcy are not admissible against trustee.**

In an action by a trustee in bankruptcy to recover on a policy of fire insurance, in which the defendant denied that the plaintiff had performed all the conditions of the policy, including the making and filing of proof of loss, and also put the plaintiff to proof as to whether he had qualified as trustee in bankruptcy and as to whether he was authorized to commence the action, the plaintiff has the right to open and close, for the determination of that right depends upon the pleadings, which in this case raise an issue necessitating proof on the part of the plaintiff.

Declarations made by the insured after his adjudication in bankruptcy, to the effect that he set fire to the property and that he was not the sole owner, were improperly admitted in evidence on behalf of the defendant.

APPEAL by the plaintiff, Daniel C. Burke, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Madison on the 28th day of May, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of June, 1923, denying plaintiff's motion for a new trial made upon the minutes.

*Coville & Santry* [*Charles A. Hitchcock* of counsel], for the appellant.

*R. H. Woolver* [*Edward A. Kiley* of counsel], for the respondent.

HINMAN, J.:

The action was brought by the plaintiff as trustee in bankruptcy upon a fire insurance policy issued by the defendant to the bankrupt to recover a loss thereunder by reason of a fire which occurred in the store of the bankrupt prior to his bankruptcy which he was conducting in the name of the National Drygoods Company.

The answer of the defendant admitted the issuance of the policy and the amount of the loss but denied that the assured (the bankrupt) had performed all the conditions of the policy on his part to be performed before the commencement of the action. This included of course the rendering to the company of proof of loss as required by the policy. The answer also put the plaintiff to proof as to whether the trustee had qualified as such and as to whether he had been authorized by the bankruptcy court to commence the action. The answer also alleged that the fire, which destroyed the property upon which a claim was made, was occasioned by the insured and also alleged that the insured was not the sole and unconditional owner of the property covered by the insurance and that the insured had no interest therein when it was destroyed by fire.

One of the points raised by the appellant is that the plaintiff was denied the opportunity to make the closing presentation of the case to the jury. This was error. " The issues to be tried can be ascertained only by reference to the pleadings, and they must govern so far as relates to the rights of the parties to open the case at the beginning and conclude the argument at the close of the trial. * * * The defendant who may wish to take the right of opening and concluding the trial, must frame his pleading with that view, and so as to present no issue upon any allegation of the complaint essential to the plaintiff's alleged cause of action. If the defendant fail to do that, no matter how little proof the remaining issue may require, or how easily, or in what manner it may be established by evidence, the right of the plaintiff to open and close the case is not denied to him. (*Mercer* v. *Whall*, 5 Ad. & El. [N. S.] 447.) The test is, whether without any proof, the plaintiff, upon the pleadings, is entitled to recover upon all the causes of action alleged in his complaint." (*Lake Ontario National Bank* v. *Judson*, 122 N. Y. 278, 283, 284.) (See, also, *Cilley* v. *Preferred Accident Ins. Co.*, 109 App. Div. 394, 397.)

The fire in question occurred November 19, 1920. The insured was adjudicated a bankrupt on April 12, 1921. The plaintiff was appointed trustee in bankruptcy on May 11, 1921. This action was brought by the plaintiff as trustee in bankruptcy pursuant to an order of the bankruptcy court dated October 15, 1921. The appellant complains of errors in the admission of evidence which was received over his objection and exception. The defendant was permitted to prove declarations of the bankrupt to a witness named Joseph to the effect that the bankrupt had set fire to the premises in question and further declarations as to how he did it. These declarations of the bankrupt were made to the witness in

the summer of 1921, which was after the adjudication in bankruptcy and presumably after the appointment of the trustee. This objection was specifically made at the time the testimony was received and was later renewed twice by motions to strike out the testimony. The objection was that the testimony was incompetent, immaterial and inadmissible as against the trustee in bankruptcy. The defendant was also permitted to prove declarations of the bankrupt to a witness named Gordon to the effect that the bankrupt said to the witness that he (the bankrupt) was supposed to own the store in question but that he had nothing to do with it whatever. The witness was unable to fix the year in which this conversation took place. It was not shown to have occurred before the adjudication of the bankrupt. Objection was duly taken to the reception of this evidence on the ground that it was incompetent, irrelevant, immaterial and hearsay and not binding on the plaintiff and motion to strike out the testimony on the same ground was made. Exceptions to the reception of the evidence and to the refusal to strike out were duly taken. The declarations of a bankrupt made after the bankruptcy were clearly not admissible against his trustee in bankruptcy to establish the issues against the estate of the bankrupt raised by the defendant. (*Von Sachs* v. *Kretz*, 72 N. Y. 548.) " As the bankrupt could not affect his estate by his acts after the act of bankruptcy, he could not do so by his declarations." (*Von Sachs* v. *Kretz, supra*, 553; *Smallcombe* v. *Bruges*, 13 Price, 136.) The last statement of the Court of Appeals on this subject, so far as we can find, is: " The mere declarations of an assignor of a chose in action, forming no part of any *res gestæ*, are not competent to prejudice the title of his assignee, whether the assignee be one for value, or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment." (*Truax* v. *Slater*, 86 N. Y. 630, 632.) (See, also, *Vidvard* v. *Powers*, 34 Hun, 221.) The trial court erroneously admitted the declarations of the bankrupt as against the plaintiff as trustee in bankruptcy and for such prejudicial error as well as for the error in denying to the plaintiff the right to close the case before the jury, a new trial must be granted. Other questions not likely to recur upon a new trial are raised which are not important to consider.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.