## In re GOLD BAND CURTAIN CO.

District Court, S. D. New York.
Feb. 6, 1937.

Otterbourg, Steindler & Houston, of New York City (Arnold A. Jaffe, of New York City, of counsel), for trustee.

London, Guzik & London, of New York City (Leo Guzik, of New York City, of counsel), for claimant.

PATTERSON, District Judge.

Lamport Manufacturing Supply Company, Inc., brought a proceeding to reclaim merchandise sold to the bankrupt on credit, alleging that the sale had been brought about by fraud of the bankrupt. The referee who heard the petition granted reclamation as to the goods still on hand, and the trustee in bankruptcy asks for review of the referee's order.

The petition in bankruptcy was filed on January 27, 1936. Prior to this time, on December 20, 1935, the bankrupt had made an assignment for the benefit of creditors. On December 2, 1935, some eighteen days before the assignment, the bankrupt had purchased the goods in question from the claimant. The circumstances attending the purchase, as found by the referee, were these: The bankrupt's president, Warshaw, called at the claimant's place of business and ordered the goods, to be taken on credit. The salesman took him to the claimant's credit manager. The credit manager told Warshaw that he was loath to allow credit because of the delay encountered in collecting on a sale to the bank-

rupt some months earlier. A discussion then ensued as to the bankrupt's current condition. Warshaw stated that the bankrupt at the end of November had $4,000 cash in bank, receivables of $16,000, and total assets of $35,000; that its liabilities were only $10,000. The credit manager took down these figures on a Dun report that lay before him. He relied on the figures given him, and the goods were sold to the bankrupt on credit. In truth the bankrupt's financial condition at the time was wholly at odds with Warshaw's representations. It had cash in bank of $367, receivables of $13,000, total assets of $24,000. The actual liabilities were $32,000. Instead of a net worth of $25,000 there was a substantial deficit.

A reading of the record indicates that the referee's findings have ample support in the evidence. It is not easy to see how he could have arrived at any other findings. The case then is one where the claimant was induced to sell property to the bankrupt on credit by reliance on representations that were materially false. Such a sale may be rescinded and the property parted with may be reclaimed from the trustee in bankruptcy. In re New York Commercial Co., 228 F. 120 (C.C.A.2); In re Weissman, 19 F.(2d) 769, 53 A.L.R. 644 (C.C.A.2).

The sale having been brought about by false statements concerning the bankrupt's financial condition, it is not necessary to determine whether the bankrupt had no intention of paying for the goods. The referee's ruling in favor of the claimant was right and will be confirmed.