## In re FLAYTON.
No. 39977.

District Court, E. D. New York.
July 10, 1941.

Nathaniel T. Helman, of New York City, for trustee.

Booth, Lipton & Lipton, of New York City (Harold A. Lipton, of New York City, of counsel), for creditor.

ABRUZZO, District Judge.

This is a hearing on a petition for review of the order of the referee, denying the application of M. M. Smith & Son, Inc., a creditor, in reclamation.

The merchandise was delivered to the bankrupt by this creditor and accepted on or about November 4, 1940. On November 12, 1940, the bankrupt filed a petition in bankruptcy under Chapter XI, 11 U.S.C.A. § 701 et seq., and subsequently the petition was dismissed and adjudication and a liquidation of assets ordered.

Friedman, an employee of the creditor, contacted Charles Flayton, the bankrupt, as a result of which the sale in question was made. Upon Friedman's inquiry, Flayton informed him that his company would be paid promptly and that he need not worry as the bankrupt was in good shape. In 1939 the bankrupt had not met his bill due this company promptly and Flayton explained that this was due to the fact that he was paying off the fixtures; but that since then he was meeting his bills promptly, was discounting many of them and would definitely meet his obligation. Apparently, the bankrupt induced Friedman to make the sale based on the information that he was financially sound and would pay his debt promptly.

Before the referee, this bankrupt testified that he told Friedman that he was well off financially and that he would have no trouble in meeting his obligation. The bankrupt further testified that he owed approximately $9,000 to merchandise creditors and about $15,000 in personal loans in the early part of October 1940. This amount far exceeded his assets and at the time of the sale by Friedman for the creditor, the bankrupt was actually insolvent. The bankrupt testified as follows:

"Q. So that frankly, as a matter of dollars and cents, considering those were liabilities then your liabilities did exceed your assets, did they not? A. Yes, sir." (See rec. pp. 20 and 21).

The bankrupt concealed his true financial condition. He was insolvent at the time he made the purchase in question and he was cognizant of this fact. Under these circumstances, the creditor, M. M.

Smith & Son, Inc., is entitled to reclaim the merchandise. See In re Gold Band Curtain Co., D.C., 18 F.Supp. 847; and In re New York Commercial Co., 2 Cir., 228 F. 120.

The order of the Referee is reversed. Settle order on notice.