## In re CHADWICK.

(District Court, N. D. Ohio, E. D.   November 11, 1905.)

### No. 1,893.

1. BANKRUPTCY—CHATTEL MORTGAGE—VALIDITY OF LIEN.

The provisions of Rev. St. Ohio, § 6343, that transfers of property in contemplation of insolvency with intent to give preferences shall be declared void as to creditors at suit of any creditor, has no application to a case where bankruptcy proceedings were instituted before any such suit was commenced.

2. CHATTEL MORTGAGE—MANNER OF FORECLOSURE—OHIO STATUTE.

Rev. St. Ohio, § 4155–1, requiring chattel mortgages on household goods, wearing apparel, or mechanics' tools, to be foreclosed by suit in a court of record does not apply where such property included in a mortgage is insignificant in amount as compared with the value of other property included therein.

3. BANKRUPTCY—UNRECORDED CHATTEL MORTGAGE—EFFECT OF TAKING POSSESSION OF PROPERTY.

The taking possession of mortgaged property within four months prior to the bankruptcy of the mortgagor, under a mortgage executed prior to such four months period, but not recorded, operates to vest in the mortgagee all the rights in respect to the property which follow such taking possession under the state law, unaffected by the bankruptcy act.

4. SAME—PREFERENTIAL TRANSFERS—UNRECORDED CHATTEL MORTGAGE.

Under the Ohio statute, as construed by the Supreme Court of the state, by which an unrecorded chattel mortgage is valid except as against lien creditors or subsequent purchasers or incumbrancers in good faith, the recording of such a mortgage is not "required," within the meaning of Bankr. Act 1898, § 60a, as amended in 1903 (32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689]); and the failure to record it until within four months prior to the bankruptcy of the mortgagor, where it was given previously, does not render it a preferential transfer.

5. CHATTEL MORTGAGES—LIABILITIES WHICH MAY BE SECURED—ATTORNEY'S FEES.

Act Ohio 1902, providing that a stipulation for an attorney's fee in a promissory note, if not paid at maturity, is valid, cannot be extended by construction to include such a stipulation in a chattel mortgage covering attorney's fees for foreclosing the same, and under the decisions of the state Supreme Court such a stipulation is invalid.

In Bankruptcy. On review of decision of referee.

W. W. Boynton, for petitioner.

Smith, Taft & Arter and L. J. Grossman, for trustee.

TAYLER, District Judge. On the 27th day of April, 1904, Cassie L. Chadwick was indebted to the Savings Deposit Bank & Trust Company, of Elyria, Ohio, in the sum of $37,000, with a large amount of accrued interest. This indebtedness was secured by a mortgage on real estate in the city of Cleveland, but which was not thought to be sufficient to cover the amount that was then due. Thereupon, on the 27th day of April, 1904, Mrs. Chadwick gave to the bank her promissory note for $10,000, payable May 10, 1904; and, to secure the same, gave a mortgage on the furniture, bric-a-brac, paintings, and books situated in the dwelling house of the mortgagor, and on other articles of personal property, including automobile, carriages, horses, etc. This note was not for a new indebtedness, but represented a part of the antecedent debt, and a separate agreement was entered into, providing for the disposition of the money to be derived from its payment, and how it was to be credited. It was agreed between the parties that the chattel mortgage should not be filed for 10 days; that is, not before the 7th day of May, 1904. It is stipulated in the testimony that at the time the mortgage was given Mrs. Chadwick was insolvent, that the bank had reasonable cause to believe she was insolvent, and that such condition of insolvency existed on the 22d day of November, 1904, when possession of the mortgaged property was taken by the mortgagee. The mortgage was not filed in the office of the recorder of Cuyahoga county, where the property

was situated, until November 22, 1904; and thereupon, the same day, the mortgagee took possession of the property described in the chattel mortgage. Proceedings in bankruptcy were commenced against Mrs. Chadwick on the 1st day of December, 1904, and she was later duly adjudged a bankrupt. On December 20, 1904, the property covered by the chattel mortgage was delivered by the mortgagee to the receiver in bankruptcy, under an agreement approved by the referee whereby the rights of both parties to the property were to be protected. The proceeds of the sale of the same are now in the hands of the trustee to be disposed of. On the question as to who was entitled to these proceeds the referee held against the mortgagee, and in favor of the trustee; and the case is now before the court on petition for review of the finding of the referee.

It is contended, on behalf of the trustee, that the chattel mortgage is insufficient to give any right to the mortgagee in the fund derived from the sale of the mortgaged property (1) because the mortgage is void under section 6343 of the Revised Statutes of Ohio; (2) that the mortgage is void because it covered and conveyed articles of household furniture and wearing apparel of the bankrupt, and, for that reason, the possession taken on November 22, 1904, is of no effect, the necessary action under section 4155–1 of the Revised Statutes of Ohio not having been taken in order to obtain possession; (3) that the giving of the mortgage was kept a secret for the purpose of allowing the four months to run, and thereby defeat the bankruptcy act, and was therefore a fraud on such act and void; (4) that the chattel mortgage is void, and the possession taken under it ineffectual, for the reason that it was filed within four months preceding the bankruptcy, and that all the elements that make a voidable preference have been proved and existed at the time of the making and delivery of the mortgage, and also at the time of filing the same.

1. As to the effect of section 6343: Without entering into a discussion as to whether or not the facts existing in this case are such as would justify a court in declaring the mortgage void if the statute had been resorted to, it is sufficient to say that the statute has no application to a case where bankruptcy proceedings were instituted before an action was commenced under the provisions of section 6344. Such a mortgage as is defined by section 6343 is not void, but can only be "declared void as to creditors of such debtor or debtors at the suit of any creditor or creditors as hereinafter provided."

2. Section 4155–1 provides for the manner of foreclosing a mortgage on household goods, wearing apparel, or mechanics' tools. It is there recited that a chattel mortgage on the necessary household goods, wearing apparel, or mechanics' tools of any person or family shall not be foreclosed except in a court of record, and that no such household goods, wearing apparel, or mechanics' tools covered by a chattel mortgage shall be seized or taken out of the possession of the mortgagor before foreclosure until an order permitting the same has been obtained from a judge or justice of the peace to whom application for such order has been made. I think that this objection is properly disposed of by the referee, in declaring that the necessary household goods involved in this chattel mortgage are so

insignificant in amount, as compared with the quantity and value of the property taken, as to make the statute inapplicable; to which can be added the further reason that the right intended to be given by the statute is a mere personal right, and not for the benefit of the creditors, and no such right or claim has been asserted by the bankrupt.

3. There is no evidence that the mortgage was kept secret for the purpose of allowing the four months to run and thereby defeat the bankruptcy act. Whether, if the fact were otherwise, this would render the mortgage void, is a question that does not need to be discussed.

4. The main proposition, and that upon which especial stress is laid, and the principal argument made, is that the mortgage was void on account of the circumstances surrounding its execution and delivery, and because, being filed with the recorder, and possession being taken, within four months of the institution of the bankruptcy proceedings, no rights can attach under it. The referee found in favor of this contention; but with his conclusion I am unable to bring myself into accord. I think that the fallacy into which the referee and counsel for the trustee have been led arises out of a misapprehension as to the nature and effect of the provision of the bankruptcy law which declares void all preferences given within four months of the institution of the bankruptcy proceedings. The purpose, as I understand it, of that provision of the law, was to fix a time within which all business transactions between the bankrupt and others should be subject to investigation and inquiry; and if those transactions were of such a character as to come within the prohibited class, then they should be declared void. The provision was not intended to affect other legal rights which had their origin prior to the period of four months, nor to enlarge or affect in any way the definition of fraud or fraudulent relations between the creditor and debtor. The same rights which, prior to the passage of the bankruptcy law, existed for the purpose of declaring a certain transaction fraudulent as against the creditors, still exist, except in so far as the appeal to one jurisdiction practically prevents appeal to another.

The Supreme Court of the United States and the Circuit Court of Appeals, as well as this court in a recent case, have held that the taking possession of mortgaged property within four months of proceedings in bankruptcy, but under the authority of rights given by a mortgage executed and delivered prior to the period of four months, operates to vest in the mortgagee all of the rights respecting the mortgaged property of which possession was taken which he would have possessed if his mortgage had been originally placed on file, or possession taken, prior to the four months period, if, under the law of the state, independent of the bankruptcy act, taking possession had such effect. This proposition is so well settled that it need not further be discussed. Whatever effect the law of Ohio would give to such a mortgage, followed by possession of the mortgaged property, the federal courts will give in the administration of the bankruptcy law. Francisco v. Ryan, 54 Ohio St. 307, 43 N. E. 1045, 56 Am. St. Rep. 711; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct.

567, 49 L. Ed. 956; In re National Valve Company, Bankrupt, 140 Fed. 679.

But especial stress is laid upon the provision of the bankruptcy act, as amended Feb. 5, 1903, now appearing as section 60a, c. 487, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], which reads as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

It is stated by the referee, and insisted by counsel for the trustee, that, under the law of Ohio, the registration of a chattel mortgage is required. But this is not true under the state of the law as it is set out in the case of Francisco v. Ryan, above referred to, and the other cases cited. This exact point has been carefully considered and passed upon by the Circuit Court of Appeals for the Fifth Circuit, in the case of Meyer Bros. Drug Co. v. Pipkin Drug Co. (C. C. A.) 136 Fed. 396. The statute of Texas respecting the filing or registration of chattel mortgages is substantially the same as that of Ohio. If there is any difference, it is more stringent in its requirement of registration. The court, on page 398, after quoting section 60a of the bankruptcy law, as amended in 1903, and the Texas statute, says:

"This statute [that is, the Texas statute], has been construed by the Supreme Court in the State of Texas to mean that an unrecorded chattel mortgage shall be void only against lien creditors of the mortgagor, or subsequent purchasers and mortgagees or lienholders in good faith; and, as between the parties to the chattel mortgage, and against all ordinary creditors, the record is immaterial."

This is exactly the law of Ohio, as declared by the Supreme Court. On page 399, the Court says:

"We think it follows that the chattel mortgage in this case was valid between the bankrupt and the holders thereof, and as to all parties known to be interested in the bankrupt's estate, whether the said mortgage was recorded or not. It cannot be said, therefore, that the mortgage was one required by law to be registered or recorded under section 3328 of the Revised Statutes of Texas of 1895, nor that the granting of said mortgage constituted a preference within four months, under section 60a of the bankrupt law."

A question is raised respecting the allowance of attorney's fees, and it is insisted by the bank that the decision of the Supreme Court of Ohio, in Leavans v. Bank, 50 Ohio St. 591, 34 N. E. 1089, wherein it is held that a contract in a mortgage for such allowance is against public policy, is now nullified by the statute of 1902, wherein it is expressly provided that a stipulation for an attorney fee in a promissory note, if not paid at maturity, is valid. I do not think the statute has such effect. In view of the decision of the Supreme Court in 50 Ohio St., 34 N. E., rendered in 1893, the passage of the law of 1902, permitting the allowance of attorney fee when stipulated in a promissory note, cannot be extended by inference so as to include such a

stipulation in a mortgage covering attorney fees for foreclosing the mortgage, or taking other steps looking to the preservation of the property mortgaged. This claim will be disallowed.

The decision of the referee, holding the mortgage invalid and denying to the mortgagee the right to have its claim satisfied out of the proceeds of sale of the mortgaged property, is reversed; and an order may be made accordingly.