ORLIN L. BURDICK, Appellant, ·v. FARMERS' MERCANTILE COMPANY, a corporation, OLE AAKER, TORGER SINNESS and CHARLES W. BUTTZ, Respondents.

(184 N. W. 4.)

**Execution — doctrine of caveat emptor applies to assignee of purchaser.**

1.   The doctrine of caveat emptor applies to the assignee of a purchaser at an execution sale.

**Evidence — supreme·court takes judicial notice of its determinations alleged in complaint.**

2.   The Supreme Court may take judicial notice of its determinations alleged in a complaint.

**Execution — assignee of sheriff's certificate of sale not liable for subsequent failure of title.**

3.   In the absence of an express warranty or fraud the assignee of a sheriff's certificate upon execution sale of real property is not liable for the failure or partial failure of title thereafter resulting.

Opinion filed June 22, 1921.

Action in District Court, Ramsey county, *Burr,* J., from an order sustaining a demurrer to the complaint the plaintiff has appealed.

Affirmed.

*Serumgard & Conant,* for appellant.

*Clyde Duffy,* for respondents.

*C. W. Butts,* pro se.

## Statement

BRONSON, J.   The plaintiff has appealed from an order sustaining a demurrer to the complaint, on the grounds that the same does not state a cause of action.   The complaint alleges that in 1905 Wm. Burdick, then a minor, 15 years old, received a consignment of nursery stock valued at $217; that the same was worthless, and the customers of Burdick refused

to accept the same; that plaintiff refused to become responsible for his son's indebtedness, and that Cashman sold the claim to one Christianson, or the State Bank of Minnewaukan; that in April, 1908, Kitsey G. Burdick, wife of the plaintiff, conveyed 560 acres of land in Benson county to Jessie James, who thereupon went into possession; that, in May, 1908, through threats and duress, Christianson procured from Kitsey G. Burdick a note for $217, payable to the State Bank of Minnewaukan, for the claim against the minor; that, in August, 1908, Kitsey G. Burdick, after consulting an attorney, received advice to be adjudged a bankrupt, and thereupon, pursuant to proceedings, she was adjudged a bankrupt; that Christianson thereupon had himself appointed as trustee in bankruptcy, and instituted proceedings to set aside the deed from Kitsey G. Burdick to Jessie James; that subsequently Christianson died, and, upon application of the State Bank, the defendant Buttz was appointed trustee instead; that, in 1911, the defendants Buttz and Sinness, lawyers, forced such action to trial, and the same, in March, 1912, was dismissed by the district court; that from September, 1908, until March, 1912, the plaintiff and his wife resided in northern Canada, and were in this state for only short visits; that they believed that the decision by the trial court ended the matter, and vested the title in Jessie James; that in the spring of 1911, the defendant Aaker, as managing officer of the defendant Mercantile Company, employed the defendants Buttz and Sinness to collect the debt against John James and Jessie James, and that, pursuant to action, judgment was obtained against John James and Jessie James for $811.79 on or about November 14, 1911; that subsequently the defendants Buttz and Sinness caused execution to be issued against the property of John James and Jessie James, and levied upon the grain raised upon the lands mentioned in 1912 and applied the same upon the judgment; that subsequently the defendant Buttz, who had become district judge, confirmed the sale; that there still remained upon the judgment unpaid about $900; that in November, 1913, the defendant Sinness issued an execution on the judgment, made a levy upon the land mentioned, and caused the same to be sold for some $869 to the defendant Mercantile Company; that the defendant Buttz, as district judge, in December, 1913, confirmed the sale; that during such time the plaintiff and his wife were living in Canada, and had no notice of the sale of the land until the fall of 1914; that in the meantime Jessie James had conveyed the land to the plaintiff; that the plaintiff, in 1914, had rented the land to Johnson; in October, 1914,

Johnson notified the plaintiff that the Mercantile Company claimed the crop; that thereupon the plaintiff went to Benson county and investigated; that he was informed that, unless he redeemed or got an assignment of the sheriff's certificate of sale, he would lose the land, and the Mercantile Company would claim title thereto; that thereupon the plaintiff negotiated with the Mercantile Company, and, in consideration of $925, received an assignment of the sheriff's certificate of sale; that thereafter, in February, 1915, the sheriff executed a sheriff's deed to the plaintiff; immediately thereafter the plaintiff went to Canada; on information and belief that the defendant Buttz, upon learning that the plaintiff had obtained a sheriff's deed, as trustee of the estate of Kitsey Burdick, a bankrupt, together with Sinness, perfected an appeal to the Supreme Court of this state from the judgment dismissing the action mentioned; that thereafter the Supreme Court, upon hearing, set aside the conveyance to Jessie James from Kitsey Burdick, and vested the title in Buttz as trustee; "that the order of said Supreme Court was subsequently followed out, and that for said reason the title of Jessie James to such property failed"; that by reason of the decision of the Supreme Court the assignment of the sheriff's certificate of sale from the Mercantile Company to the plaintiff failed, and the payment of $526 by the plaintiff was wholly without consideration, and was obtained through misrepresentations; that the plaintiff would not have purchased the same unless he believed that the sale was in all respects valid, and that the assignment of the certificate of sale would mature into a fee simple upon the issuance of the sheriff's deed; that, in addition, relying upon representations made, the plaintiff paid taxes between December, 1914, and December, 1915, amounting to $532, also erected two frame buildings on the premises worth $1,000, and cleared 25 acres of land reasonably worth $500, employed counsel and incurred expenses to the amount of $250—for all of which judgment was claimed against the defendant for about $3,200, with interest.

### Decision

The plaintiff presents the question of whether the assignee of the purchaser at an execution sale can recover from such purchaser upon the failure of title in the premises concerned. It is contended that the sheriff's certificate of sale involved herein conveyed no title; that it was merely a chose in action, and as such personal property; that § 5984, C. L. 1913, applies, which provides:

"One who sells or agrees to sell an instrument purporting to bind any one to the performance of an act thereby warrants the instrument to be what it purports to be and to be binding according to its purport upon all parties thereto; and also warrants that he has no knowledge of any facts which tend to prove it worthless, such as the insolvency of any of the parties thereto, when that is material, the extinction of its obligations, or its invalidity for any cause."

It is contended that the Mercantile Company, when it sold this sheriff's certificate, warranted to the plaintiff that the certificate purported to be an instrument which entitled the plaintiff to a good and sufficient deed at the expiration of a year from its date, or a refund of the money paid; that furthermore, plaintiff in this connection was entitled to rely upon the state of title as then existing, and upon the regularity and validity of the proceedings in the execution sale as they then appeared of record; that the defendant Sinness, as attorney for the Mercantile Company, as well as the defendants Buttz and Aaker, then knew or had knowledge of matters concerning the pending litigation which affected the title upon the execution proceedings which eventually made the title of James, upon which the execution proceedings depended, invalid; that the acts of the defendants in parting with the assignment of the sheriff's certificate and their connections in the litigation and proceedings had concerning this land operated to deceive the plaintiff, and created a trap, so that the plaintiff was compelled either to purchase the rights of the Mercantile Company or lose the land. It is further contended that the allegations of the complaint concerning the determination made by this court in the case of Buttz v. James must be taken as true, and that proof may be introduced to show that in fact, pursuant to such allegations, the title of James did fail; further, that the plaintiff, through the purchase of the sheriff's certificate, does not stand in the position of a purchaser at a judicial sale, and was entitled further to rely upon representations appearing of record or as made through acts of the parties concerned.

Hon. A. G. Burr, trial judge, in extensive memoranda opinions, held that the gist of the action was the sale of the certificate, the assignment of that instrument by the Mercantile Company to the plaintiff; that neither Buttz nor Sinness had anything to do with such sale; and the confirmation of the sale by the defendant Buttz as a judge did not render him liable; that all he did under such order of confirmation was to declare that the sale had been made in compliance with the statute; that the fact that

Judge Buttz was trustee in bankruptcy, and that there was pending an action to have the conveyance to James set aside, had no bearing upon the order confirming the sale; that the defendant Sinness was merely the attorney who prosecuted both actions to a successful conclusion; that he had nothing to do with the transfer of the certificate of sale; that the defendant Aaker was merely the manager of the Mercantile Company, and was so known by the plaintiff to be; that there is no attack made upon the judgment of the Mercantile Company against James, and that this company bought the land upon the execution sale at its own peril; that the assignment of the certificate carried whatever interest the Mercantile Company had in the land; that it possessed such interest as James had in the land at the time the judgment was docketed and levy made before James sold the premises to the plaintiff; that in this case there was a valid judgment and a valid execution; that there was no warranty of title contained in the assignment, nor any statement made as to the extent of the interest sold; that there is nothing to show that the company did not know that the sale would pass good title to the property; that no fraud is set up; that in the case of Buttz v. James, 33 N. D. 162, 178, 156 N. W. 547, the title of the trustee in the land was for the creditors to the extent of their claims, and that after the debts were paid the remainder of the estate was to be turned over to the parties entitled thereto; further, the plaintiff got title to the land from two sources, through Jessie James direct, by her conveyance alleged in the complaint, and through the certificate of sale and sheriff's deed issued thereunder; that, upon taking judicial notice of these matters in connection with the demurrers, it was very clear that the plaintiff had no cause of action against the company; that without taking judicial notice the complaint itself fails to state a cause of action, for it seeks to recover the amount paid upon the grounds that the certificate of sale did not convey any interest in the land; that Jessie James was not the owner thereof, and that the execution sale did not sell any property of Jessie James.

We concur in the decision of the learned trial court. The sheriff's certificate issued upon the execution sale carried the right, title, and interest of the judgment debtor, subject to the right of redemption. § 8084, C. L. 1913. The assignment of this sheriff's certificate operated likewise to transfer the rights of the judgment debtor in the land, subject to redemption. It transferred a property right in realty. Upon the expiration of the period of redemption and the issuance of a sheriff's deed in

February, 1915, to the plaintiff, these rights of the judgment debtor were entirely foreclosed. The plaintiff then possessed all of the rights of the judgment debtor to which the judgment lien attached at the date it was docketed. The validity of such judgment and of the execution proceedings is not in any manner attacked. The decision of this court in Buttz v. James, 33 N. D. 162, 156 N. W. 547, determining the status of James, title was not rendered until February, 1916. Manifestly, if the decision of this court in such case had been the reverse, the plaintiff's title, pursuant to such sheriff's deed, would have remained unimpaired. Assuredly, it may not be premised, pursuant to the allegations of this complaint, that the defendant, with prescient or prophetic knowledge, could forecast the decision of this court in such case. Upon such decision by this court in that case the complaint predicates a cause of action. The decision in that case did not pretend to wholly deprive James of title in the land. It served simply to set aside the conveyance made so far as it interfered with the rights of creditors and the rights of the trustee in connection therewith. See Buttz v. James, 33 N. D. 162, 178, 156 N. W. 547; Phillips v. Phillips, 179 N. W. 671, 672; 12 R. C. L. 597; Brasie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340, 67 L. R. A. 865, 889, 94 Am. St. Rep. 709. The trial court properly took judicial notice of the determination made in that case. See 7937, C. L. 1913; Beyer v. Investors' Syndicate, 47 N. D. 358, 182 N. W. 934.

The complaint plainly is insufficient to allege or show grounds of either fraud or conspiracy to sell or dispose of a worthless title. § 5984, C. L. 1913, has no application upon the facts as alleged. It is clear that the purchaser at the sale upon the execution proceedings was subject to the doctrine of caveat emptor. In the absence of fraud such purchaser could not complain of defects in the title.

The assignee of such purchaser, in the absence of an express warranty, stands in no stronger position. 39 Cyc. 1672. He would be in no stronger position if he had redeemed from such purchaser. See Copper Belle Mining Co. v. Gleason, 14 Ariz. 548, 134 Pac. 285; note 48 L. R. A. (N. S.) 481; note 36 L. R. A. (N. S. 1218. Upon the complaint the plaintiff purchased the assignment of the sheriff's certificate with the same knowledge and notice of rights existing therein as the company possessed. He stands in no better position than the Mercantile Company. See 39 Cyc. 1415.

The order is affirmed, with costs to the respondent.

CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, J., concurs in the result.

ROBINSON, C. J. (concurring). This case presents a general demurrer to the complaint. The brief of counsel states:

"The complaint alleges that there was a complete failure of title and a complete failure of consideration for the payment of $925. The allegation is positive and unqualified, and must be taken as true for the purpose of the argument."

Now that is a great mistake. The court will not accept as true what it knows to be untrue, and it does know that in this case there was not a complete failure of consideration. The Mercantile Company had caused three quarter sections of land to be sold on an execution against Jessie James, the married daughter of the plaintiff. She had conveyed the title to her father, and his purchase of the sale certificate answered the purpose of a redemption. It gave him title to a valuable equity in the land, subject to some mortgages and claims asserted by the creditors against the mother of Jessie James, who had foolishly conveyed the title to her daughter with intent to hinder, delay, and defraud creditors. The mother went into voluntary bankruptcy, and the trustee in bankruptcy subjected the land to the claims of creditors, but that did not divest the plaintiff of the valuable equity under the assignment of the sheriff's certificate and the deed from his daughter. The complaint does show that Mrs. Burdick had a valid defense against the claims asserted by her creditors, but that is of no consequence. It shows only that she and her counsel acted very foolishly in attempting to defend against the claims and trying to defeat them by going into bankruptcy. An attorney who advises such a foolish procedure should have to pay all damages and costs. Counsel for plaintiff cites authorities holding that the purchaser of a sale certificate may recover the purchase price in case the certificate is worthless; that it may be recovered as money paid without any consideration, and by mistake of fact. 23 Corpus Juris, 790; Vanesse Land Co. v. Hewitt, 95 Wash. 643, 164 Pac. 196; McGoren v. Avery, 37 Mich. 120.

These cases do correctly state the law, but they do not govern this case.

Affirmed.