WINTHROP B. PHILLIPS, Appellant, v. LIZZIE PHILLIPS, J. J. Coyle, O. B. Herigstad, J. T. Newlove, H. F. Stolz, Optic-Reporter Publishing Company, John Schetler and American Surety Company, Respondents.

(179 N. W. 671.)

**Fraudulent conveyances — conveyance through judicial proceedings held made to defraud creditors.**

In this case the plaintiff brings suit against his mother and her judgment creditors to quiet his title to certain property in Minot. He appeals from a judgment against him. It appears that by a judicial proceeding the mother, a woman of forty-five years, conveyed all her good productive property to her minor son, who had no means only such as he obtained from the mother or her property and a small salary, barely enough to defray the expense of his living. Manifestly the conveyances were made in trust for the mother, and with intent to hinder, delay, and defraud her judgment creditors. By statute, every transfer of property made and every judicial proceeding taken to hinder, delay, or defraud any creditor, is void against all creditors of the debtor.

Opinion filed October 16, 1920.

Appeal from the District Court, Ward County, Honorable *K. E. Leighton,* Judge.

Modified.

*Fisk & Murphy,* for appellant.

Fraud cannot be presumed and the burden of proving it is on him who alleges it. Meyers v. Kaiser, 85 Wis. 382, 55 N. W. 688.

The presumption is in favor of good faith, innocence, and honesty. 12 R. C. L. 424; Hart v. Church, 126 Cal. 471. See also note in 34 Am. St. Rep. 402.

*Lewis & Bach, J. J. Coyle, C. B. Davis,* and *Karl H. Stoudt,* for respondents.

The purchaser of the equity of redemption stands in the shoes of the mortgagor as a successor in interest. Styles v. Dickey, 22 N. D. 513, 134 N. W. 702; Griffith v. Fox, 32 N. D. 660, 156 N. W. 239.

ROBINSON, J. This case merits little discussion. The judgment was entered in August, 1917, and the appeal was not certified to this court until August 14, 1920. Such a procedure should not be tolerated.

To quiet his claim of title to a valuable lot, the plaintiff commenced this action against his mother and her judgment creditors. Each creditor avers that the lot is the property of the mother, and claims a lien on the same under a specified judgment. The plaintiff appeals from a decree in favor of the judgment creditors. The judgments docketed against Lizzie Phillips, in favor of the defendants, are as follows: $144.10, March 5, 1913; $525.89, January 1, 1914; $437.65, September 10, 1914; $46.65, March 11, 1915.

In 1908, Lizzie Phillips, a widow, the mother of the plaintiff, obtained title to the property (lot 6, block 12, Minot). In 1909 she made to John Schetler, her brother, a trust deed, with rents and profits, to secure $1,625, with interest at 12 per cent from July 20, 1909. On May 6, 1915, John Schetler commenced an action to foreclose his mortgage, and on May 13, 1915, the mother appeared and confessed judgment for $3,000, which was more than $200 in excess of the amount due. On June 26, 1915, after publishing notice of sale, the sheriff struck off and sold the lot to John Schetler for his judgment, with interest and costs. In June, 1916, the sale certificate and all rights under the trust deed were assigned to the plaintiff by his uncle. On June 25, 1916, the time for redemption having expired, the sheriff deeded the lot to the plaintiff, who at once commenced this action.

The transaction was nothing more than a voluntary transfer under

the forms of a friendly court procedure to which the judgment creditors were not parties. The legal effect was precisely the same as if the mother and her brother had made a voluntary transfer to the minor son.

In the same way the mother transferred to her son a model rooming house, the rental of which was over $300 a month. Under a small judgment she permitted or caused the rooming house to be sold on execution, and when a sheriff's deed was issued the title was transferred to her son in consideration of $125. Of course all such transactions are clearly fraudulent. They manifest a purpose to delay, injure, and defraud creditors. As the evidence shows, the plaintiff was only twenty years in June, 1917. He had been married four years, and had supported himself and his wife on a small salary, working only a part of the time, and aside from his earnings he had no property only what he obtained from the mother or the rentals of his property, barely enough to support himself and family. Yet, in June, 1916, when he was only seventeen years old, he redeemed from the trust deed, paying his uncle $1,694 and giving his promissory note for the balance. Then the uncle assigned to him the sale certificate on which he obtained the sheriff's deed. True the plaintiff testifies that he paid the uncle with his own money, but it is in no way credible. His earnings were not more than enough to support himself and his family. He had no means only such as he received from the mother or her property. It is needless to review the oral testimony. The facts speak louder than words, and show beyond question that the only purpose of the transfer was to hinder, delay, and defraud the creditors of the mother, and she had no property only such as was thus conveyed to her son under the guise of a judicial and expensive proceeding. Were it not for the judgments, the transfers to the son could have been made by a direct conveyance at an expense of $1. The mother was in the prime of life. She was only forty-five years old, and, of course, she did not think of making herself a pauper by giving away and virtually donating to her son the beneficial use of all her good property. She continued to occupy and use the property, permitting her minor son to use part of it and to collect the rents, as a mother naturally would regardless of titles.

"Every transfer of property and every judicial proceeding taken with intent to delay or defraud creditors is void against all creditors of the debtor and their successors in interest." Comp. Laws, § 7220.

The majority of the court, however, are of the opinion that the judgment of the lower court must be modified. The judgment of the trial court finds and decrees that the foreclosure of the mortgage given to John Schetler is void, and that the assignment of the sheriff's certificate of mortgage sale to the son, Winthrop Phillips, was in fact a redemption of such mortgage, and canceled and annulled such mortgage, and freed the property from the lien of such mortgage. In its findings, the trial court has determined that the transfer made to the son was for the purpose of cheating and defrauding creditors. In the record it appears that Schetler received a note from the son for $1,850, no part of which has been paid. Whether he took security upon the property for the payment of the balance of the mortgage lien, the record does not disclose.

Schetler is not a party to this action. He is not a party to the fraud alleged, proved, and found, so far as this record is concerned. The judgment rendered herein cannot deprive him of his legal and equitable rights in or liens upon the premises involved without his day in court. Furthermore the rights of the plaintiff as an equitable assignee *pro tanto* of the mortgage, the foreclosure of which has been determined to be void, may still survive as between him and his mother. The statute, § 7220, Comp. Laws 1913, makes the transfer mentioned void against all creditors and other persons named. The effect of the statute is to set aside the fraudulent transfer as to creditors concerned. See 67 L.R.A. 865, 889. The judgment, accordingly, of the trial court, must be modified so as to provide that the liens of the defendants herein are effectual upon the premises concerned, unaffected by the transfer proceedings had with the plaintiff, and subject to any valid encumbrance which may have been on the property involved prior to the Schetler mortgage and further subject to any legal and equitable rights, interests, or liens of John Schetler, his heirs and assigns, as the same may be made to appear in any action instituted for such purposes. It is directed that the trial court enter judgment accordingly.